UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES CATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:02-cv-611 |
| | ) (Phillips/Guyton) |
| CITY OF ROCKWOOD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to an Order of Reference [Doc. 46], for disposition of Plaintiff's Motion for Fees and Costs. [Doc. 43].

The plaintiff moves for an Order for fees and costs related to Plaintiff's Motion to Quash [Doc. 35] the subpoenas issued by the defendant Dr. Emily Diltz and Dr. W.E. Bennett for the plaintiff's medical records. The undersigned conducted a hearing on the motion to quash on September 27, 2005, and subsequently entered an Order [Doc. 45] granting the motion in part and denying it in part.

The defendants oppose the plaintiff's motion, arguing (1) that the plaintiff is not the proper party to move for fees and costs under Rule 45(c)(1) and (2) that the plaintiff is not entitled to any costs or fees as he did not prevail on his motion to quash. [Doc. 48]. The plaintiff counters that he is a proper party to seeks fees as he properly objected to the subpoena for his medical records absent a protective order. Further, the plaintiff argues that although he advised the defendants that

he did not object to producing his medical records after entry of a protective order, the defendants made no effort to resolve this dispute until after the plaintiff filed the motion and a hearing was held. [Doc. 51].

Every party or attorney who issues and serves a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(c)(1). The Court may impose upon a party or attorney who breaches this duty "an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee." Id. In the present case, although the Court did require the parties to draft a protective order to protect any confidential information produced pursuant to the subpoenas, the Court did not find that the subpoenas imposed an undue burden, and therefore, the plaintiff's request to quash the subpoenas was denied. [Doc. 45]. The Court cannot say that the attorney who issued these subpoenas breached his duty to avoid imposing an undue burden on the persons subject to the subpoenas. Accordingly, the Court declines to impose any sanctions on the defendant pursuant to Fed. R. Civ. P. 45(c)(1).

For the foregoing reasons, the Plaintiff's Motion for Fees and Costs [Doc. 43] is **DENIED**.

    **IT IS SO ORDERED.**

    ENTER:

                            s/ H. Bruce Guyton
                        United States Magistrate Judge